**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Clarus Therapeutics Holdings, Inc.** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **Blue Water Acquisition Corp.** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **85-1231852** |
| 4. | Debtor's address | **Principal place of business**<br>**555 Skokie Boulevard, Suite 340**<br>**Northbrook, IL 60062**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://clarustherapeutics.com** |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Clarus Therapeutics Holdings, Inc.**   Case number (*if known*)
           Name

**7. Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**325412**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

| Debtor | **Clarus Therapeutics Holdings, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

| Debtor | **Clarus Therapeutics, Inc.** | Relationship | **Subsidiary** |
|---|---|---|---|
| District | **District of Delaware**    When    **9/05/22** | Case number, if known | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
Contact name _____
Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49  ☐ 1,000-5,000  ☐ 25,001-50,000
☐ 50-99  ☐ 5001-10,000  ☐ 50,001-100,000
☐ 100-199  ☐ 10,001-25,000  ☐ More than100,000
☑ 200-999

**15. Estimated Assets**

☐ $0 - $50,000  ☐ $1,000,001 - $10 million  ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000  ☐ $10,000,001 - $50 million  ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000  ☑ $50,000,001 - $100 million  ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million  ☐ $100,000,001 - $500 million  ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000  ☐ $1,000,001 - $10 million  ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000  ☐ $10,000,001 - $50 million  ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000  ☑ $50,000,001 - $100 million  ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million  ☐ $100,000,001 - $500 million  ☐ More than $50 billion

Debtor     **Clarus Therapeutics Holdings, Inc.**                             Case number (*if known*) _____
           Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/05/2022
              MM / DD / YYYY

X   /s/ Lawrence R. Perkins                                   Lawrence R. Perkins
    Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

X   */s/ L. Katherine Good*                                   Date   09/05/2022
    Signature of attorney for debtor                                 MM / DD / YYYY

**L. Katherine Good**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   302-984-6000          Email address   kgood@potteranderson.com

**5101 DE**
Bar number and State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLARUS THERAPEUTICS HOLDINGS, INC., *et al.*[1] | Case No. 22-_____ (____) |
| Debtors. | (Joint Administration Requested) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is: 001-39802

2. The following financial data is the latest available information and refers to the debtor's condition as of the dates noted in the comments below.

    a. Total assets                                              $48,940,000

    b. Total debts (including debts listed in 2.c., below)       $62,003,000

    c. Debt securities held by more than 500 holders:            N/A

    d. Number of shares of preferred stock                       N/A

    e. Number of shares of common stock                          52,020,731

Comments, if any:

   Clarus Therapeutics Holdings, Inc. disclosed the financial data identified above in its Quarterly Report for the quarterly period ending June 30, 2022, pursuant to section 13 of 15(d) of the Securities Exchange Act of 1934.

Brief description of debtor's business:

   Clarus Therapeutics Holdings, Inc. operates as a pharmaceutical company focused on the commercialization of JATENZO® (testosterone undecanoate), the first oral testosterone replacement, or testosterone replacement therapy, of its kind approved by the U.S. Food and Drug Administration.

---

[1] The Debtors in these chapter 11 cases, along with filed last four digits of each Debtor's federal taxpayer identification number, are Clarus Therapeutics Holdings, Inc. (1852) and Clarus Therapeutics, Inc. (7717). The Debtors' corporate headquarters is located at 555 Skokie Boulevard, Suite 340, Northbrook, Illinois.

3. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| Equity Holder | Address | Percentage |
|---|---|---|
| H.I.G. Capital LLC | 1450 Brickell Avenue, 31st Floor, Miami, FL 33131, United States | 10.94% |
| CBC SPVI LTD | Suites 3306-3307, Two Exchange Square, 8 Connaughton Place, Central, Hong Kong | 6.92% |

**Fill in this information to identify the case:**

Debtor name: Clarus Therapeutics Holdings, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **inVentiv Commercial Services, LLC** c/o Syneos Health 500 Atrium Drive Somerst, NJ 08873 | Attn: Phil Moussally CFO Deployment Solutions P: 732-537-5060 philip.moussally@syneoshealth.com | Trade | Disputed | | | $5,547,373.34 |
| 2 | **Intouch Group, LLC** c/o EVERSANA Intouch 7045 College Blvd. Overland Park, KS 66211-1523 | Attn: Tony Malik P: 913-317-9700 | Trade | | | | $1,766,646.00 |
| 3 | **Ascent Health Services, LLC** Wadsack Schaffhausen AG Oberstadt 3 Schaffhausen, Switzerland 8200 | Attn: Julia Smith Wadsack Schaffhausen AG P: 052 624 11 02 | Trade | | | | $532,780.45 |
| 4 | **Donnelley Financial Solutions** 35 W. Wacker Drive 37th Floor Chicago, IL 60601 | Attn: Mark Stanner Account Manager P: 312-320-0888 Mark.Stanner@dfinsolutions.com | Trade | | | | $460,368.79 |
| 5 | **Relay Health** 450 Lindbergh Drive Moon Township, PA 15108 | Attn: Suzanne Green Sr. Account Mgr. P: 404-668-6447 Suzanne.green@mckesson.com | Trade | | | | $431,036.43 |
| 6 | **Zinc Health Services, LLC** 2211 Sanders Road NBT 10 Northbrook, IL 60062 | Attn: Katie McBride Director Trade Relations P: 401-765-1500 | Trade | | | | $353,161.74 |
| 7 | **Caremark PCS** 2211 Sanders Road NBT8 Northbrook, IL 60062 | Attn: Norm Rivera P: 401-765-1500 | Trade | | | | $322,107.43 |
| 8 | **Source Healthcare Analytics LLC** 4130 ParkLake Avenue Suite 400 Raleigh, NC 27612 | Attn: Kevin Lyon P: 913-486-1079 lyonkevin@symphonyhealth.com | Trade | | | | $275,018.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor  Clarus Therapeutics Holdings, Inc.  
        _Name_

Case number (_if known_)_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Axtria Inc.**<br>300 Connell Dr<br>Berkely Heights, NJ 07922 | Attn: Vaneet Sandill<br>P: 847-912-9855<br>vineet.sandill@axtria.com | Trade | | | | $150,534.00 |
| 10 | **PSKW, LLC**<br>The Crossings at Jefferson Park<br>5th Floor<br>Whippany, NJ 07981 | Attn: William Previdi<br>P: 973-560-1083<br>wprevidi@connectiverx.com | Trade | | | | $138,384.87 |
| 11 | **Catalent Pharma Solutions**<br>14 Schoolhouse Road<br>Somerset, NJ 08873 | Attn: Steve Youngberg<br>Regional Director Business Development<br>P: 774-452-0871<br>Steven.Youngberg@catalent.com | Trade | | | | $136,302.25 |
| 12 | **AndersonBrecon Inc.**<br>PCI Pharma Services<br>1635 New Milford School Road<br>Rockford, IL 61109 | Attn: Katie Reiley<br>Account Executive<br>P: 815-298-1466<br>Katie.Reiley@pciservices.com | Trade | | | | $128,587.13 |
| 13 | **Two Labs Holdings, LLC**<br>110 Riverbend Avenue<br>Powell, OH 43065 | Attn: Heather Goodman<br>General Counsel<br>P: 614-389-4004<br>Heather.Goodman@twolabs.com | Trade | | | | $91,222.67 |
| 14 | **Assist Rx, Inc.**<br>501 W. Church Street<br>Suite 450<br>Orlando, FL 32805 | Attn: Michael Carr<br>P: 402-822-0472<br>michael.carr@assistrx.com | Trade | | | | $88,957.82 |
| 15 | **Derse Inc.**<br>422 Keystone Drive<br>Warrendale, PA 15086 | Attn: Lawrence Behrell<br>P: 262-705-4797<br>lbehrell@derse.com | Trade | | | | $65,539.69 |
| 16 | **L&M Healthcare Communications LLC**<br>1450 Route 22 West, 2nd Floor<br>Mountainside, NJ 07092 | Attn: Joe Bankovich<br>P: 617-785-6655<br>Joe.Bankovich@LMHCare.com | Trade | | | | $63,243.00 |
| 17 | **CoverMyMeds LLC**<br>910 John Street<br>Columbus, OH 43222-1105 | Attn: Jamie Kraig<br>P: 908-232-1405 | Trade | | | | $60,060.00 |
| 18 | **Cardinal Health 105, Inc.**<br>501 Mason Road<br>Cardinal Health 3PL<br>LaVergne, TN 37086 | Attn: Kacy Suits<br>Client Relationship Manager<br>P: 615-213-0308<br>kacy.suits@cordlogistics.com | Trade | | | | $50,669.66 |
| 19 | **Veeva Systems, Inc.**<br>4280 Hacienda Drive<br>Pleasanton, CA 94588 | Attn: Danielle Henderson<br>P: 925-452-6500 | Trade | | | | $37,650.00 |
| 20 | **Global Patent Group, LLC**<br>Carretera#3 Km 19.9<br>East Prof. & Medical Center Bldg<br>Canovanas, Puerto Rico 00729 | Attn: Dennis Bennett<br>Partner<br>P: 314-374-0030<br>dennisbennett@globalpatentgroup.com | Professional Services | | | | $35,189.71 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

# ACTION BY UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS OF
# CLARUS THERAPEUTICS HOLDINGS, INC.

The undersigned, constituting all of the members of the Board of Directors (the "Board") of **CLARUS THERAPEUTICS HOLDINGS, INC.**, a Delaware corporation (the "Company"), pursuant to Sections 141(f) of the Delaware General Corporations Law (the "DGCL"), hereby adopt the following resolutions by written consent:

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors to the Company regarding, among other things, the liabilities, assets and liquidity of the Company, the strategic alternatives available to the Company and the potential impact (financial and otherwise) of the foregoing on the Company's business, creditors, and other parties in interest;

**WHEREAS**, the Board desires to appoint Lawrence R. Perkins of SierraConstellation Partners LLC as Chief Restructuring Officer ("CRO");

**WHEREAS**, the Board has been presented with a proposed petition and related documents to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for the Company (the "Bankruptcy Case");

**WHEREAS**, the Board, having had a series of meetings to consider the financial and operational aspects of the Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, have determined in the exercise of their respective business judgment that given the current facts and circumstances confronting the Company, it is advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and commencing the Bankruptcy Case;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, its creditors, employees, stakeholders and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition to commence the Bankruptcy Case is authorized hereby; and it is further

**RESOLVED**, that Lawrence R. Perkins of SierraConstellation Partners LLC be, and hereby is, appointed to serve as CRO of the Company, to serve until his successor is duly

DocuSign Envelope ID: F3F21EBB-E3EF-4538-94BB-9E92501FE149
Case 22-10845-MFW    Doc 1    Filed 09/05/22    Page 10 of 15

appointed and qualified or until his earlier resignation or removal; and it is further

**RESOLVED**, that the officers of the Company, including the CRO (collectively, the "Officers"), or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Officer(s) executing said petition on behalf of the Company shall determine; and it is further

**RESOLVED**, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers required to file the petition in the Bankruptcy Court and commence the Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants or other professionals to represent the Company in the Bankruptcy Case, to take any and all action which they deem necessary and proper to maintain the ordinary course operation of the Company's business during the pendency of the Bankruptcy Case, to take all action necessary or proper in connection with obtaining Bankruptcy Court authorization to use cash collateral and/or obtain post-petition financing ("DIP Financing"), and to seek the relief contemplated by "first day" and/or "second day" motions as necessary to maintain ordinary course operations; and it is further

**RESOLVED**, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the Bankruptcy Case, including, without limitation, Goodwin Procter LLP, to act as chapter 11 counsel; Potter Anderson & Corroon LLP, to act as Delaware and conflicts counsel; Raymond James & Associates, Inc., to act as investment banker; SierraConstellation Partners LLC, to provide additional personnel to support the CRO; and Stretto, Inc. to act as claims and noticing agent and administrative advisor; and it is further

**RESOLVED**, that in connection with the Bankruptcy Case, the Officers shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to file a motion and related bidding procedures to continue marketing the Company's assets, and commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code; provided, however, any decision to accept an offer to purchase the Company's assets shall be subject to further approval by the Board; and it is further

**RESOLVED**, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or

otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the ordinary course operations of the Company during the Bankruptcy Case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for its prior approval; and it is further

**RESOLVED**, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses permitted under applicable law as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Officers to effectuate the purpose and intent of any and all of the foregoing resolutions.

[S\IGNATURE P\AGE F\OLLOWS]

DocuSign Envelope ID: F3F21EBB-E3EF-4538-94BB-9E92504EE149
Case 22-10845-MFW    Doc 1    Filed 09/05/22    Page 12 of 15

This Action by Written Consent shall be filed with the minutes of the proceedings of the Board of Directors of the Company.

The undersigned have executed this **ACTION BY WRITTEN CONSENT** as of the date set forth opposite his or her name below. Any copy, facsimile, .PDF or other reliable reproduction of this Action by Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used, provided that such copy, facsimile, .PDF or other reproduction be a complete reproduction of the entire original writing.

| Signature | Date |
|---|---|
| *Kimberly Murphy* (DocuSigned) <br> Kimberly Murphy | September 5, 2022 |
| *John Amory* (DocuSigned) <br> John Amory | September 5, 2022 |
| *(signature)* (DocuSigned) <br> Elizabeth A. Cermak | September 5, 2022 |
| *Robert E. Dudley* (DocuSigned) <br> Robert E. Dudley | September 5, 2022 |
| *Mark A. Prygocki, Sr.* (DocuSigned) <br> Mark A. Prygocki, Sr. | September 5, 2022 |
| *A. Zisson* (DocuSigned) <br> Alex Zisson | September 5, 2022 |

ACTIVE/118376146.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CLARUS THERAPEUTICS HOLDINGS, INC., *et al.*, | Case No. 22-_____ (____) |
| Debtors.[1] |  |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Percentage |
|---|---|
| H.I.G. Capital LLC | 10.94% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are Clarus Therapeutics Holdings, Inc. (1852) and Clarus Therapeutics, Inc. (7717). The Debtors' corporate headquarters is located at 555 Skokie Boulevard, Suite 340, Northbrook, Illinois.

**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
CLARUS THERAPEUTICS HOLDINGS,                           :   Case No. 22-_____ (____)
INC., et al.,                                           :
                                                        :
              Debtors.¹                                 :
                                                        x
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

## **LIST OF EQUITY SECURITY HOLDERS**[2]

The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Percentage |
|---|---|---|
| H.I.G. Capital LLC | 1450 Brickell Avenue, 31st Floor, Miami, FL 33131, United States | 10.94% |
| CBC SPVI LTD | Suites 3306-3307, Two Exchange Square, 8 Connaughton Place, Central, Hong Kong | 6.92% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are Clarus Therapeutics Holdings, Inc. (1852) and Clarus Therapeutics, Inc. (7717). The Debtors' corporate headquarters is located at 555 Skokie Boulevard, Suite 340, Northbrook, Illinois.

[2] Clarus Therapeutics Holdings, Inc. does not and cannot know the precise holdings or identity of the holders of its publicly traded common stock. Thus, Clarus Therapeutics Holdings, Inc. is listing the holders of 5% or more of its publicly traded common stock. Clarus Therapeutics Holdings, Inc. is unable to provide further information other than what is currently publicly disclosed in the Clarus Therapeutics Holdings, Inc.'s filings with the U.S. Securities and Exchange Commission. Thus, by separate motion filed contemporaneously herewith, the above-captioned debtors are requesting a waiver of the requirement under Fed. R. Bankr. P. 1007 to file a list of all of its equity security holders.

**Fill in this information to identify the case and this filing:**

Debtor Name  Clarus Therapeutics Holdings, Inc.

United States Bankruptcy Court for the: _____  District of Delaware
(State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

X   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

X   Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/05/2022
MM / DD / YYYY

X  /s/ Lawrence R. Perkins
Signature of individual signing on behalf of debtor

Lawrence R. Perkins
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**