**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLARUS THERAPEUTICS HOLDINGS, INC., *et al.*, | Case No.  22-10845 (MFW) (Jointly Administered) |
| Debtors.[1] | **Hearing Date:  May 13, 2026 @ 11:30 am (ET)** **Objection Deadline:  April 15, 2026 @ 4:00 pm (ET)** |

**CLARUS CREDITOR TRUST'S SEVENTH MOTION FOR ENTRY OF AN ORDER
EXTENDING THE CLAIMS OBJECTION DEADLINE**

The Clarus Creditor Trust (the "Trust") through undersigned counsel, and pursuant to the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Clarus Therapeutics Holdings, Inc., and Clarus Therapeutics, Inc.* [D.I. 270] (the "Plan"); the *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Clarus Therapeutics Holdings, Inc., and Clarus Therapeutics, Inc.* entered on February 9, 2023 [D.I. 320] (the "Confirmation Order"); the *Order Extending the Claims Objection Deadline* entered on August 17, 2023 [D.I. 389]; the *Order Extending the Claims Objection Deadline* entered on January 2, 2024 [D.I. 400]; the *Order Extending the Claims Objection Deadline* entered on May 28, 2024 [D.I. 429]; the Order Extending the Claims Objection Deadline entered on December 10, 2024 [D.I. 512], the Order Extending the Claims Objection Deadline entered on May 12, 2025 [D.I. 599]; and the Order Extending the Claims Objection Deadline entered on November 25, 2025 [D.I. 620] , hereby files this motion (the "Motion") seeking entry of an order extending the time that the Trust may object

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are Clarus Therapeutics Holdings, Inc. (1852) and Clarus Therapeutics, Inc. (7717). The Debtors' mailing address is c/o Sierra Constellation Partners LLC, 355 S. Grand Avenue, Suite 1450, Los Angeles, California 90071.

to claims in these chapter 11 cases by 180 days, or such longer period as may be established by the Court, without prejudice to the rights of the Trust to seek further extensions of such claims objection deadline. In support of this Motion, the Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory base for the relief requested herein is Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND[2]

3.      On September 5, 2022, (the "Petition Date"), the Debtors filed with the Court voluntary petitions under chapter 11 of the Bankruptcy Code.

4.      On September 16, 2022, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5.      On February 9, 2023, the Court entered the Confirmation Order. Among other things, the Confirmation Order approved the appointment of the Trust effective as of the Plan's Effective Date. *See* Confirmation Order at ¶ 6. The Plan's Effective Date was February 28, 2023 (the "Effective Date") [D.I. 333].

6.      Pursuant to Article XI of the Plan, the Trust was vested with standing and authority to object to claims. Pursuant to Article I, Section 23 of the Plan, and paragraph 13 of the Confirmation Order, objections to claims must be filed on or before the day that is 180 days after

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Confirmation Order.

2

the Effective Date, which is August 27, 2023, (the "Claims Objection Deadline").  The Plan and Confirmation Order, however, specifically provides that this period can be extended by order of the Court upon a motion filed by the Trust.

7.      Since the Effective Date, the Court has entered a number of orders extending the Claims Objection Deadline.  The current Claims Objection Deadline is May 18, 2026.

## RELIEF REQUESTED

8.      By this Motion, the Trust seeks an order extending the Claims Objection Deadline by 181 days through and including **November 13, 2026**, or such longer period as may be established by the Court, without prejudice to the rights of the Trust to seek further extensions of such claim objection deadline.

## BASIS FOR RELIEF

9.      Bankruptcy Rule 9006(b)(1) permits the Court, in its discretion, to extend the Claims Objection Deadline for cause, with or without motion or notice.  Bankruptcy Rule 9006(b)(1) provides:

> …[W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

10.     The Trust's request to extend the Claims Objection Deadline is made before the current expiration date, and cause exists to extend the deadline.  Although "cause" is not defined, it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . ."  10 COLLIER ON BANKRUPTCY P 9006.06 (15th Edition 2015).

11.     The Trust and the professionals in its employ have been prosecuting certain claims against former officers and directors and their professional firms (the "D&O Litigation"), and the outcome of the D&O Litigation will determine if there will be any recovery to general unsecured creditors under the Plan.  The D&O Litigation is continuing as to one remaining defendant.  As such, the Trust believes that the most efficient way forward is to allow the D&O Litigation to be fully resolved before the Trust determines whether it should object to any claims made by general unsecured creditors.

12.     As the time to file claim objections is now coming due, the Trust has determined that the deadline to file objections to claims, if any, must be extended.

13.     Accordingly, the Trust respectfully requests the entry of an order extending the Claims Objection Deadline to permit time for the D&O Litigation to come to a resolution and to allow the claims reconciliation process to continue as needed in order for the Trust to prepare and file any claim objections that will benefit the Debtors' estates.

### **NOTICE**

14.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq., and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

Dated: April 1, 2026

GELLERT SEITZ BUSENKELL &
BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Ronald S. Gellert (DE 4259)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425- 5800
Fax: (302) 425-5814
Email: mbusenkell@gsbblaw.com
Email: rgellert@gsbblaw.com

*Counsel for the Clarus Creditor Trust*